JOURNAL ENTRY AND OPINION
This is an appeal from the judgment of the trial court which denied defendant-appellant Lorenzo Shepherd's ("defendant") motion to suppress and subsequently found him guilty of three counts of drug-related felonies. For the reasons set forth below, we affirm the judgment of the trial court.
Defendant was indicted pursuant to a three-count indictment which charged him with one count of possession of cocaine in violation of R.C.2925.11, a felony of the second degree; one count of preparation of drugs for sale in violation of R.C. 2925.03, a felony of the second degree; and one count of possession of criminal tools in violation of R.C. 2923.24, a felony of the fifth degree. The defendant pled not guilty at his arraignment and a suppression hearing was held on August 1, 2001. The trial court denied the defendant's motion to suppress, the defendant pled no contest to all counts and was sentenced accordingly.
The state presented the testimony of Officer Craig Murowsky of the Euclid Police Department. Officer Murowsky stated that on March 27, 2001 at approximately 2:00 a.m., he received a radio broadcast from the Willoughby Hills police department alerting neighboring police departments to a breaking and entering at a Willoughby Hills business. The Willoughby Hills police advised that the suspected vehicle left tracks in the snow westbound down Chardon Road. At the time of the radio broadcast, Officer Murowsky was traveling eastbound on Euclid Avenue and observed a vehicle speeding westbound on Euclid. He clocked the vehicle at 48 miles per hour in a 35-miles-per-hour zone on the snow-covered and slippery street. Officer Murowsky testified that, based on the fact that the vehicle was speeding in slippery conditions and was coming from the direction of the reported breaking and entering, he made a U-turn and tried to catch up to the car. He stated that as he approached the vehicle, the driver of the vehicle stopped, performed a U-turn and began traveling eastbound on Euclid. The officer made another U-turn to follow the vehicle, activated his lights and sirens, and eventually pulled the vehicle over for a traffic stop.
According to Officer Murowsky, the defendant complied with his request for a valid driver's license and proof of insurance. The officer further stated that when asked where he was coming from, the defendant told the officer he was coming from home and was going to visit a friend. At that point, Officer Murowsky returned to his patrol car and performed a routine check to ensure the validity of the defendant's driver's license. He testified that the computer indicated the defendant's license was valid and that the defendant was on active parole. In an effort to ascertain why the defendant was on parole, Officer Murowksy requested that the dispatcher run a criminal history check (CHC) on the defendant while he wrote a traffic citation for the speeding violation. He testified that the CHC indicated that the defendant had numerous past arrests for drug and theft violations, and breaking and entering type crimes. At that point, the Officer decided to question the defendant about any possible involvement he may have had in the breaking and entering. Officer Murowsky went to the defendant's car and asked him to step out so he could talk to him at length. The officer conducted a quick pat down, then questioned the defendant about the breaking and entering in Willoughby Hills. According to the officer, the defendant stated that he had nothing to do with it. At that point, the officer asked to search the defendant's vehicle for any signs of participation in the crime. The defendant allegedly consented and even volunteered to open the trunk for the police officer. The officer looked into the vehicle and found the drugs. The defendant was then arrested.
The defendant's account of the events differs substantially from that of the officer's. Specifically, the defendant denied being questioned in regard to the breaking and entering. The defendant testified that the officer asked him to get out of the car, at which point Officer Murowsky looked in his car and found drugs. On cross-examination, the defendant testified that despite that fact that he knew there were drugs in the car and he was on parole, he was not nervous when the police officer pulled him over. The defendant was subsequently arrested and charged. After the trial court denied the defendant's motion to suppress, the defendant pled no contest to all counts. The defendant now appeals, asserting one assignment of error for our review:
 I. THE TRIAL COURT ERRED IN OVERRULING THE APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE NO VALID CONSENT TO SEARCH WAS GIVEN.
This court set forth the standard of review of a trial court's judgment with regard to a motion to suppress in State v. Curry (1994),95 Ohio App.3d 93, 641 N.E.2d 1172. We stated:
 In a motion to suppress, the trial court assumes the role of trier of fact and is in the best position to resolve questions of fact and evaluate witness credibility. State v. Clay (1973), 34 Ohio St.2d 250, 298 N.E.2d 137. A reviewing court is bound to accept those findings of fact if supported by competent, credible evidence. See State v. Schiebel (1990), 55 Ohio St.3d 71, 564 N.E.2d 54. However, without deference to the trial court's conclusion, it must be determined independently whether, as a matter of law, the facts meet the appropriate legal standard. State v. Claytor (1993), 85 Ohio App.3d 623, 627, 620 N.E.2d 906.
The Fourth Amendment to the United States Constitution provides:
 The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but on probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.
These protections are applicable to the states via theFourteenth Amendment. Mapp v. Ohio (1961), 367 U.S. 643, 650, 81 S.Ct. 1684,6 L.Ed.2d 1081; Ker v. California (1963), 374 U.S. 23, 30, 83 S.Ct. 1623, and by Section 14, Article I, of the Ohio Constitution which is virtually identical to the Fourth Amendment. See State v. Pierce (1998),125 Ohio App.3d 592, 596, 709 N.E.2d 203.
One of the recognized exceptions to a warrantless search is the proper consent to search the premises given voluntarily. United States v.Matlock (1974), 415 U.S. 164, 165-166, 95 S.Ct. 988, 990. It is well settled that consent to a warrantless search will not be held invalid nor the resulting search unreasonable when one with authority over the premises voluntarily permits the search. Schneckloth v. Bustamonte
(1973), 412 U.S. 218, 219, 93 S.Ct. 2041. Voluntariness is a question of fact to be determined from the totality of the circumstances.
In this case, the state presented testimony of the police officer who stated that the defendant did, in fact, give his consent to search the vehicle. The officer stated:
 A. * * * I asked him if he knew anything or had any involvement in the breaking and entering which occurred in Willoughby Hills.
Q. You actually reference this breaking and entering?
A. Yes, I did.
 Q. And did he admit any knowledge or participation in it?
 A. He said he — that he's not a thief, that he had nothing to do with anything that happened in Willoughby Hills.
Q. What did you do next?
 A. I then asked him if it was okay if I looked through his car to make sure there wasn't any signs that he was involved.
Q. In the B E? A. Yes.
Q. And did he consent to that? A. Yes, he did.
(T. 14-15). The police officer further testified:
 Q. Is it your sworn testimony as a law enforcement officer that this consent was, in fact, verbally given that day?
A. Yes.
 Q. Now, after you perform this — after he consented to this search, what did you do next?
 A. After he consented, he actually volunteered to open the trunk for me to actually look into the trunk. I said that wouldn't be necessary at this point. * * *
(T. 17). The defendant then testified and disputed most of the facts as alleged by the officer. He insisted that the officer searched his vehicle without asking for his consent.
In the case sub judice, the trial judge, who was in the best position to resolve issues of fact and witness credibility, believed the testimony of the officer. The court found the state's testimony to be more credible than the defendant's testimony and determined that the police officer did receive the defendant's consent before searching his vehicle. Based on the evidence presented, we conclude that the trial court's determination is supported by credible evidence. Accordingly, with regard to the law enforcement officer's alleged failure to obtain consent before searching the defendant's vehicle, this error is not well taken. Therefore, we affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, P.J. AND COLLEEN CONWAY COONEY, J., CONCUR.